16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph PARILLO, Defendant-Appellant.
 No. 93-3499.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1994.
 
 Before: BOGGS and NORRIS, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 This matter is before us upon defendant's, Joseph Parillo's, appeal from the sentence he received after his cause was remanded to the district court for resentencing. In the opinion disposing of defendant's previous appeal, United States v. Parillo, No. 91-3592 (6th Cir. July 28, 1992) (unpublished), cert. denied, 113 S.Ct. 1387 (1993), this court disapproved of the district court's methodology in calculating defendant's base level, wherein it assessed the probable loss attributable to defendant's fraud based upon the total cost of all policies sold. Instead, we indicated that it should look to the loss as measured by the difference between what defendant had promised and what the victims actually received. Our opinion also directed the district court's attention to the situation that confronted the Court of Appeals for the Seventh Circuit in United States v. Schneider, 930 F.2d 555 (7th Cir.1991).
 
 
 2
 Upon remand, the district court considered the points raised by our previous opinion and recalculated defendant's base level using an approach that did attempt to assess actual loss. We are unable to say that the methodology utilized by the district court failed to provide a reasonable estimate of the loss resulting from defendant's conduct. See Application Note 8 to the Commentary to U.S.S.G. Sec. 2F1.1.
 
 
 3
 Defendant also contends that he received ineffective assistance of counsel during his trial. He argues that trial counsel's shortcomings are demonstrated by the district court's denial of defendant's post-remand motion for new trial, because that motion was overruled on the basis that evidence said to be newly discovered could have been discovered prior to trial with the exercise of due diligence. Absent extraordinary circumstances, this court should not consider claims of ineffective assistance of counsel when they are asserted for the first time on direct appeal. A claim of ineffective assistance is best made in the context of appropriate postconviction proceedings designed to develop an evidentiary record that fully explores the issue. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). As we discern no extraordinary circumstances that would warrant our considering the claim at this time, we decline to do so.
 
 
 4
 For the reasons stated above, the sentencing order of the district court is affirmed.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation